# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA LOUISE BRUMBAUGH,<br><br>                              Plaintiff,<br><br>              vs.<br><br>COMERICA BANK, et al,<br><br>                              Defendant. | CASE NO. 07cv786-MMA(POR)<br><br>**ORDER OF DISMISSAL** |

        The Court previously dismissed the majority of the named defendants in this case with prejudice, and declared Plaintiff a vexatious litigant.  (*See Court's February 27, 2008 Order*, Doc. No. 99.)  The Court provided a detailed factual summary, as well as the relevant litigation history of this case, neither of which shall be repeated here.  (*Id*. at 1-6.)

        In sum, this is the seventh lawsuit Plaintiff has filed in San Diego arising out of a foreclosure that occurred in 1993.  Plaintiff previously owned property located at 1872 Matin Circle, Unit 11, San Marcos, California.  Accubanc Mortgage Corporation held a deed of trust on the property.  After Plaintiff failed to pay the mortgage for several consecutive months, Accubanc foreclosed on the deed of trust by means of a non-judicial foreclosure sale.  Accubanc purchased the property at the sale.  The Trustee's Deed Upon Sale was recorded on October 15, 1993.  In November of 1993, Accubanc filed an unlawful detainer action against Plaintiff to obtain possession of the property.  Judgment was entered in Accubanc's favor on January 18, 1994.  Comerica Mortgage Corporation, a former defendant in this action, became a successor in interest to Accubanc on August 14, 1996, at

which time Accubanc quitclaimed the property to Comerica Mortgage Corporation.  Comerica

Mortgage Corporation, a former defendant in this action, held the property for approximately two

months, and then transferred title to the Department of Housing and Urban Development ("HUD")

on October 2, 1996.  HUD then sold the property to Defendant Niki S.  Depew.  She then sold the

property to Colleen Schoelz, a former defendant, in March 2002.

**DISCUSSION**

Due to the fact that this case has been pending for almost three years, and an inordinate

amount of judicial resources have been poured into its proper adjudication, the Court *sua sponte*

conducted a detailed review of the docket, the operative complaint, the past proceedings, and the

case's current status, and now determines that this action should be dismissed with prejudice in its

entirety.  There are four remaining defendants.  The Court addresses the grounds for dismissal of

each defendant with prejudice below.

        *1.    Res Judicata*

The Court shall dismiss Defendant Comstar Mortgage Corporation, whom Plaintiff sued in

its corporate capacity, and was formerly known as Accubanc Mortgage Corporation, on res judicata

grounds.

"While it is true that res judicata is generally deemed waived if not pled in a timely manner,

the Supreme Court has held that *sua sponte* findings of res judicata might be appropriate in special

circumstances." *Maracalin v. United States*, 52 Fed. Cl. 736, 740 (Fed. Cl. 2002) (considering res

judicata issue *sua sponte* "adhering to the interests of judicial economy") (citing *Arizona v.

California*, 530 U.S. 392, 413 (2000)); *see also Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir.

1996) (stating that "courts, in the interest of judicial economy, may raise the issue of preclusion *sua

sponte* even when a party fails to do so") (citations omitted).  The Supreme Court has held that

"there is simply 'no principle of law or equity which sanctions the rejection by a federal court of the

salutary principle of res judicata.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)

(quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)).  In *Federated Dep't Stores*, the Court

"explained that 'the doctrine of res judicata serves vital public interests beyond any individual

judge's ad hoc determination of the equities in a particular case' and rejected any equitable

exceptions to the application of res judicata based on 'public policy' or 'simple justice.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (citing *Federated Dep't Stores, Inc.*, 452 U.S. at 401). As such, the Court held that there is no "injustice" done by "evenhanded" application of "accepted principles of res judicata," "'and the mischief that would follow the establishment of precedent for . . . disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.'" *Federated Dep't Stores, Inc.*, 452 U.S. at 401-02 (citing *Reed v. Allen*, 286 U.S. 191, 198-99 (1932)).

In *Brumbaugh v. United States of America, et al.*, Civil Case No. 99CV2392-BTM, Comerica Mortgage Company, a former defendant in this action dismissed on res judicata grounds, filed a motion to dismiss, seeking dismissal on grounds of (1) res judicata, (2) statute of limitations, and (3) failure to comply with Federal Rule of Civil Procedure 8. Defendant Accubanc joined in the motion. The Court granted Comerica Mortgage Corporation's motion on res judicata grounds and dismissed with prejudice, *inter alia*, Comerica Mortgage Corporation, Accubanc, and Quality Loan Service Corporation. Plaintiff subsequently filed another lawsuit in San Diego Superior Court against Comerica Mortgage Corporation, Accubanc, and others, *Brumbaugh v. Comerica Mortgage Corporation, et al.*, Civil Case No. 00CV2270-JM. Comerica Mortgage Corporation filed a motion to dismiss on res judicata grounds. Accubanc joined in the motion. The Court granted the motion and dismissed the complaint with prejudice as to, *inter alia*, Comerica Mortgage Corporation and Accubanc.

Under the doctrine of res judicata, "'[a] final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action.'" *The Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (citations omitted). For the same reasons Plaintiff's claims against Accubanc were barred in her previous lawsuits, they are similarly barred here against Comstar/Accubanc by the doctrine of res judicata. *Kremer v. Chemical Construction Corporation*, 456 U.S. 461, 485 (1982). The causes of action asserted in the FAC are the same as in Plaintiff's previous lawsuits. The alleged wrongful conduct arises out of the same transaction or series of transactions with the same parties and they all involve the same nucleus of facts and the

same relief in that Plaintiff seeks a determination of her right to the property.  The previous orders of

dismissal were final judgments on the merits, and the corporate identity of the defendant is the same,

although the corporation now does business under a new moniker.  There are sufficient policy

justifications underlying the application of res judicata in the instant case.  Res judicata "is

motivated primarily by the interest in avoiding repetitive litigation, conserving judicial resources,

and preventing the moral force of court judgments from being undermined."  *Haphey v. Linn*

*County*, 924 F.2d 1512, 1518 (9th Cir.1991), rev'd in part on other grounds, 953 F.2d 549 (9th

Cir.1992) (en banc).  In repeating these causes of action in the present lawsuit, Plaintiff is attempting

to relitigate issues that have already been resolved.  The allegedly unlawful foreclosure and

possession of her property are the factual basis for all causes of action that she asserted in her

original complaint in this action, as well as numerous times in previous litigation.  It would be a

waste of judicial resources to revisit these claims.

> ### 2.   *Failure to Prosecute*

The Court shall dismiss the three remaining defendants based on Plaintiff's failure to

prosecute this action against them pursuant to Federal Rule of Civil Procedure 41(b).  These include

Defendant Patricia Rupe, Defendant Carl Skaja, and Defendant Palaceck, Skaja, and Broyels.

A district court has the authority to dismiss a case for lack of prosecution pursuant to its

inherent authority and Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.*

*Co.*, 370 U.S. 626 (1962).  Rule 41(b) states in pertinent part: "For failure of the plaintiff to

prosecute or to comply with these rules or any order of the court, a defendant may move for

dismissal of an action or of any claim against the defendant. . . . [A] dismissal under this subdivision

. . . operates as an adjudication upon the merits."  Fed. R. Civ. P. 41(b).  "This power is necessary to

prevent undue delay in the disposition of pending cases, docket congestion, and, the possibility of

harassment of a defendant."  *Medeiros v. U.S.*, 621 F.2d 468, 470 (1st Cir. 1980).

In determining whether to dismiss for lack of prosecution, generally the court considers: (1)

the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket,

(3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

merits, and (5) the availability of less drastic sanctions.  *Hernandez v. City of El Monte*, 138 F.3d

393, 399 (9th Cir. 1998) (internal quotations omitted); *see also Al- Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). The Ninth Circuit will affirm dismissal where at least four factors support dismissal, or where at least three factors "strongly" support dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The court may dismiss a case *sua sponte* for lack of prosecution by the plaintiff. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428 (9th Cir. 1990). Under the *Al-Torki* factors, based on the record of this case as well as the previous suits brought by Plaintiff in this District over the past decade, the Court finds good cause to dismiss Defendants Rupe, Skaja, and Palaceck, Skaja, and Broyels with prejudice pursuant to Rule 41(b).

CONCLUSION

Based on the foregoing, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against all remaining defendants. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE** in its entirety. The Clerk of Court is instructed to enter judgment accordingly and terminate this case.

**IT IS FURTHER ORDERED** that because Plaintiff has been declared a vexatious litigant,

> [A]s a condition to plaintiff filing any new action against any of the defendants in whose favor judgment is being entered, or any of the officers, directors, employees or agents of such defendants, arising out of the facts or transactions at issue in the Present Lawsuit, plaintiff shall be required to obtain a pre-filing order from the Court authorizing her to do so.

> In addition,

> plaintiff is required to post with the new complaint a bond in the amount of **$5,000** to be applied toward the fees and costs incurred by the defendants should the new lawsuit proceed and defendants prevail, or to be returned to plaintiff should she prevail.

> Further,

> the application for the pre-filing order shall be supported by a declaration from plaintiff made under penalty of perjury that: (a) she has not previously brought a lawsuit arising out of the same set of facts or the same transactional nucleus of facts asserted in the new complaint or, if she has previously brought such a lawsuit, the claims asserted in that lawsuit were not previously dismissed with prejudice; (b) that the claims she seeks to assert are neither frivolous nor brought in bad faith; and (c) that prior to filing she conducted a reasonable investigation of the facts and law, and that they support her claims. Plaintiff must also attach a copy of this Order to the application.

1  | *See* Doc. No. 99 at 32.

2  |  **IT IS FURTHER ORDERED** that the Court will not, under any circumstances, accept any

3  | future submissions for filing by Plaintiff in this case.  In the event Plaintiff continues to attempt to

4  | file documents in this case, the Clerk of Court immediately shall reject the submission without

5  | further order of the Court.  The Court advises Plaintiff that it shall not entertain a motion for

6  | reconsideration, and should Plaintiff attempt to file such a motion, the Clerk of Court immediately

7  | shall reject such motion without further order of the Court.  *See id.*

8  |  **IT IS SO ORDERED**.

9  | DATED:  December 17, 2009

10 |

11 |  Hon. Michael M. Anello
   |  United States District Judge

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

- 6 -

07cv786